**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

THOMAS CALVIN JAMES FERGUSON,  )
                              )
          Petitioner,         )   3:12-cv-00619-HMD-WGC
                              )
vs.                           )
                              )   ORDER
WARDEN BACCA,                 )
                              )
          Respondent.         )

Thomas Ferguson has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). The petition shall be served upon respondents. However, respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside the applicable limitations period. The petition is likely subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on January 27, 2005. Petitioner did not file a direct appeal. Petitioner filed a state habeas corpus action on September 26, 2005, and review

of that petition concluded on September 7, 2006. The time period between February 27, 2005,[1] and September 26, 2005, or 211 days, was not tolled. The time period between filing the state petition and conclusion of review of the petition would be tolled. However, the limitations period began to run again on September 7, 2006, and petitioner had 154 days to file his federal habeas petition. The instant federal habeas action was initiated on November 20, 2012. The petitioner was filed beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE AND ELECTRONICALLY SERVE** a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this Order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the Court will enter an order dismissing the petition.

Dated, this 31st day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Nevada law allows thirty days for filing a direct appeal on a criminal conviction. Nev.R.App.Pro. 4.