**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

THOMAS CALVIN JAMES FERGUSON,    )
                                 )
             Petitioner,         )    3:12-cv-00619-HDM-WGC
                                 )
vs.                              )
                                 )    ORDER
WARDEN BACCA,                    )
                                 )
             Respondent.         )

Thomas Ferguson has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). Petitioner was directed to show cause why the petition should not be dismissed as untimely filed because of the six year gap between the time his state court proceedings concluded and the filing of the instant petition. ECF No. 6.

Petitioner has responded to that order, but has failed to directly address the question posed by the Court. He offers no explanation why his petition was filed with this court more than six years beyond the expiration of the one-year limitation period. Rather, petitioner argues that he is actually innocent of the charges and that he received ineffective assistance of counsel at trial and had no counsel on post-conviction. He invokes the recent holding of *Martinez v. Ryan,* 132 S.C.t 1309 (2012), in an effort to save his petition. *Martinez* provides that in state proceedings where claims of ineffective assistance of counsel may only be brought in the first instance during collateral review, then procedurally defaulted claims of that nature may be reviewed by the federal court if petitioner did not have the assistance of counsel or the effective assistance of counsel during that collateral review. *Id.*

1      *Martinez* is inapposite to the question whether or not the petition was timely filed, as petitioner's
2  claims are not defaulted in the classic sense.  The claims were timely presented to the state court.
3  Rather, petitioner delayed his presentation of those claims to this Court well beyond the time permitted
4  under 28 U.S.C. § 2244(d).

5      Petitioner also argues that he is actually innocent of the charges for which he was convicted.
6  Claims of actual innocence may save a procedurally barred petition, but only if the petitioner can
7  "produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases ...
8  implicating a fundamental miscarriage of justice.'" *Schlep v. Delo,,* 513 U.S. 298, 314–15 (1995)
9  (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991).); *but see Majoy v. Roe,* 296 F.3d
10 770, 776-77 (9th Cir.2002) (implying that unavailability of actual innocence gateway would raise serious
11 constitutional concerns and remanding to district court for a determination of whether actual innocence
12 claim was established before deciding whether gateway is available under AEDPA). As *Majoy* suggests,
13 the question of whether actual innocence provides a gateway through the statute of limitations bar has
14 not been firmly decided by the United States Supreme Court or the Ninth Circuit. Moreover, other
15 circuits have held otherwise offering three separate conclusions.

16     The Seventh and First Circuits has found that "actual innocence is not a freestanding exception
17 to the ... one-year statute of limitations." *Araujo v. Chandler*, 435 F.3d 678, 682 (7th Cir.2005); *see also*
18 *David v. Hall*, 318 F.3d 343, 347 (1st Cir.2003). The Eighth Circuit's analysis merges the procedural
19 gateway into the equitable tolling doctrine, concluding that "a petitioner would have to show some
20 action or inaction on the part of the respondent that prevented him from discovering the relevant facts
21 in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered
22 these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974,
23 978 (8th Cir.2002). The Sixth Circuit has decided that, "where an otherwise time-barred habeas
24 petitioner can demonstrate [actual innocence], ... the petitioner should be allowed to pass through the
25 gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577,
26

602 (6th Cir.2005). The Tenth Circuit agrees with this analysis. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000).

Even without a clear rule, the fundamental principles underlying the Supreme Court's creation of a procedural gateway support extending that gateway to petitioner's who are faced with a violation of the statute of limitations. In *Murray v. Carrier*, the Court stated that "in appropriate cases the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." 477 U.S. 478, 495, 106 S.Ct. 2639 (1986) (internal quotations omitted). In particular, the Court held that the "conviction of one who is actually innocent" represents this "extraordinary case." Id. at 496. In an abundance of caution, therefore, this Court will consider petitioner's arguments.

Certain relevant principles must be considered. First, "[t]o be credible" a gateway claim requires "*new reliable evidence* —whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlep,* 513 U.S. at 324, 115 S.Ct. 851 (emphasis added). The petitioner's evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." *Id.* at 316. The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id*. at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." Id. at 329

Petitioner's arguments do not meet these standards. Petitioner produces no evidence of his innocence and, in fact, appears to admit that he killed the victim. Petitioner states, "Petitioner has never possessed an abandoned and malignant heart and argues that he mercifully ended Hazel Ferguson's suffering on at her insistence...." Response to Order to Show Cause (ECF No. 9), p. 2. Thus, the crux of petitioner's argument is that he is actually innocent of second degree murder because he lacked the

1  requisite intent--a legal argument. Petitioner argues he is legally innocent, not actually innocent. As a
2  result, petitioner cannot pass through the gateway which evidence of actual innocence may provide. The
3  petition is untimely and it must be dismissed.

4  Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28
5  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th
6  Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
7  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
8  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).
9  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the
10 constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this
11 threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among
12 jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to
13 deserve encouragement to proceed further. *Id.*

14 Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254
15 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order
16 disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal
17 and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues
18 raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of
19 appealability, and determines that none meet that standard. The Court will therefore deny petitioner a
20 certificate of appealability.

21 **IT IS THEREFORE ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as
22 untimely. No Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.
23 Dated, this 22nd day of May, 2013.

24
25 _____
   UNITED STATES DISTRICT JUDGES
26