UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS CALVIN JAMES FERGUSON,   )
                                )
       Petitioner,              )       3:12-cv-00619-HDM-WGC
                                )
vs.                             )       **ORDER**
                                )
WARDEN BACCA, *et al.*,         )
                                )
       Respondents.            )
_____/

      This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is petitioner's motion for reconsideration. (ECF No. 14).

      Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b); (3)
             fraud (whether previously called intrinsic or extrinsic),
             misrepresentation, or other misconduct by an opposing party; (4) the
             judgment is void; (5) the judgment has been satisfied, released or
             discharged; it is based on an earlier judgment that has been reversed or
             vacated; or applying it prospectively is no longer equitable; or (6) any
             other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, the Court directed petitioner to show cause why the petition should not be dismissed as untimely. (ECF No. 6). Petitioner filed a response to the order to show cause. (ECF No. 9). The Court dismissed the petition as untimely by order filed May 22, 2013. (ECF No. 12). Judgment was entered that same date. (ECF No. 13). In his motion for reconsideration, petitioner makes two arguments: First, petitioner argues that he is actually innocent of the crime of second-

degree murder. Second, petitioner argues that he was not provided counsel in his state post-conviction proceeding. (ECF No. 14). These arguments were presented in petitioner's response to the order to show cause and were rejected in the Court's order of May 22, 2013. (ECF No. 12). This Court dismissed the petition as untimely, not because the law prohibits a petitioner from claiming actual innocence to overcome the timeliness bar, but rather, because petitioner's claim is based on a theory of legal innocence, not actual innocence. Moreover, petitioner failed to show that his claim is supported by new reliable evidence as set forth in *Schlup v. Delo*, 513 U.S. 298 (1995).

This Court properly entered judgment dismissing this action in the order filed May 22, 2013. (ECF No. 12). In his motion for reconsideration, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of the action. Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 14) is **DENIED.**

Dated this 15th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE